917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 James D. CARTER, Plaintiff-Appellant,
v.
MEAD PAPER and United Steel Workers of America, Local 12943,
AFL-CIO-CLC, District 35, Defendants-Appellees.
 
 No. 89-6390.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant James D. Carter has appealed from the judgment of the United States District Court for the Eastern District of Tennessee dismissing three cases in favor of defendants-appellees Mead Paper (Mead) and United Steelworkers of America Local 12943 (the Union) in actions in which the appellant has sought redress on multiple legal grounds for discharge from employment with Mead.
 
 
 2
 The first of these three actions, CIV-2-89-189 (Carter I) was brought in the federal district court against Mead and the Union alleging entitlement to relief under 42 U.S.C. Secs. 1981, 1983, 1985(3), 1988, 2000e-2, and 2000e-11(a). The second action, initiated in state court, and removed to the federal district court, CIV-2-89-202 (Carter II), a hybrid section 301 action pursuant to the Labor-Management Relations Act, as codified at 29 U.S.C. Sec. 185, alleged that Mead had breached the collective bargaining agreement between Mead and the Union and that the Union had violated its duty of fair representation. The third action, brought only against Mead, filed in state court, and removed to the federal district court, CIV-2-89-238 (Carter III), alleged handicap discrimination in violation of Tenn.Code Ann. Sec. 8-50-103(a). All three suits relied upon the same set of facts leading up to the appellant's termination from employment.
 
 
 3
 Pursuant to motions to dismiss, the district court, on July 10, 1989, dismissed those claims in Carter I which were anchored in alleged violations of 42 U.S.C. Secs. 1981, 1983, 1985(3), and 1988. Mead filed a motion to amend the July 10 order and to dismiss all claims. On reconsideration, the district court held that the appellant had failed to state a claim under 42 U.S.C. Sec. 2000e-2 or Sec. 2000e-11. On August 15, 1989 the district court sua sponte consolidated all three cases and issued an order to show cause why, under the doctrine of claim preclusion (res judicata), the judgment in Carter I would not bar consideration of Carter II and Carter III. On September 29, 1989, the district court held that its dismissal of all claims in Carter I was a "dismissal on the merits" and thus was "res judicata as to every ground which might have been presented in [Carter I] which includes the theories of recovery presented in [Carter II and Carter III]." The district court dismissed all three cases. Following the district court's denial of the appellant's motion to amend, appellant filed a timely notice of appeal.
 
 
 4
 Upon review of the appellant's assignments of error, the record in its entirety, and the briefs of the parties, the court concludes that the district court committed no error in dismissing the appellant's three causes of action. Accordingly, the judgment of the district court dismissing these cases is AFFIRMED for the reasons stated by the district court in its opinions and orders of July 10, 1989, July 21, 1989, and September 29, 1989.